The Honorable Monty Davenport State Representative 644 MC 4003 Yellville, AR 72687
Dear Representative Davenport:
I am writing in response to your request for an opinion on the following:
 Is a Justice of the Peace considered to be a county employee for retirement purposes since they are paid a stipend per meeting? And, would this determination be effected [sic] if the Justice of Peace in question was a full-time employee of another county?
RESPONSE
In my opinion, the answer to your first question is "no." A Justice of Peace is not considered a county employee under the Arkansas Public Employee Retirement System ("APERS") because justices of the peace are unlikely to meet the time and substantially gainful employment requirements under the APERS statutes. In the event of doubt, the APERS Board has the authority to make a final determination of whether an individual is a county employee to be covered under APERS. With respect to your second question, the Justice of the Peace would be a county employee and covered under APERS by the county that employed him or her, but this does not affect the determination of whether a Justice of the Peace is considered a county employee for retirement purposes in the county he or she serves solely as a justice of the peace.
I assume that you are asking about retirement benefits afforded under APERS. While there are myriad public retirement provisions and systems in Arkansas, APERS is the designated county retirement system in which all county employees are statutorily mandated to be enrolled. A.C.A. § 24-4-302 (Supp. 2005).
Question One: Is a Justice of the Peace considered to be a countyemployee for retirement purposes since they are paid a stipend permeeting?
In my opinion, the answer to your question is "no." A Justice of the Peace does not appear to qualify as an "employee" under the applicable definitions found in the APERS statutes. In the event of doubt as to coverage, the APERS Board is vested with the authority to make the determination of whether or not an individual is covered under APERS.
As noted above, a county is required to enroll its employees in APERS as a condition of county employment. A.C.A. § 24-4-302. In defining the applicable terms under the APERS statutes, A.C.A. §§ 24-4-101 through — 1109 (Repl. 2000 Supp. 2005), the Arkansas Code States in pertinent part:
 (14)(A) "County employees" means all employees whose compensations are payable, either directly or indirectly, by county participating public employers . . .
 (B) In any case of doubt as to who is a county employee within the meaning of this act, the board shall have the final power to decide the question;
A.C.A. § 24-4-101 (Supp. 2005).
"Compensation" is defined as:
 (11)(A) "Compensation" means the recurring remuneration paid a member by public employees for personal services rendered by the member in a position covered by an employer participating in the Arkansas Public Employees' Retirement System.
Id.
An initial question may, therefore, arise as to whether the "stipend" or per diem you mention is "compensation" for the purposes of the definition set out above.
Additionally, the Arkansas Code specifically excludes from the definition of "employee," for the purposes of APERS, in pertinent part, the following individuals:
 (viii) Persons who are employed for a period of more than ninety (90) consecutive calendar days but who do not qualify as full-time employees shall be excluded from membership. A person shall be considered a full-time employee if that person works at least eighty (80) hours per month during a period of ninety (90) consecutive calendar days;
 (ix) Persons whose rate of pay does not constitute employment that is substantially gainful shall be excluded from membership. A rate of pay less than the federal minimum wage shall not be considered employment that is substantially gainful[.]
A.C.A. § 24-4-101(17)(B) (Supp. 2005) (emphasis added). Federal minimum wage is currently $5.15 per hour. 29 U.S.C. § 206(a)(1) (2006).
The per diem paid to a Justice of the Peace is set by statute within the following parameters:
 (a)(1)(A) The per diem compensation for justices of the peace attending any official, regular, special, or committee meeting of a quorum court shall be fixed by ordinance in each county.
 (B) The per diem compensation of justices shall be not less than one hundred twenty dollars ($120) per diem for each regular meeting nor exceed:
 (i) Seven thousand dollars ($7,000) per calendar year in counties having a population of less than seventy thousand (70,000);
 (ii) Eight thousand five hundred ninety-five dollars ($8,595) per calendar year in counties having a population of at least seventy thousand (70,000) and less than two hundred thousand (200,000); and
 (iii) Eleven thousand four hundred dollars ($11,400) per calendar year in counties having a population of two hundred thousand (200,000) or more.
 (2) PER DIEM COMPENSATION DEFINED. (A) Per diem compensation is defined as a per calendar day allowance, exclusive of allowable expenses, which shall be paid a justice for attending meetings of the county quorum court. This compensation shall be based on attending meetings of a quorum court during any single calendar day without regard to the duration of the meetings.
A.C.A. § 14-14-1205 (Supp. 2005).
While a final determination of whether a justice of the peace meets the time and income requirements noted above is a question of fact best resolved by the APERS Board pursuant to A.C.A. § 24-4-101(14)(B), it is unlikely in my opinion that a Justice of the Peace could demonstrate that he or she works as a Justice of the Peace for more than 80 hours per month for the required 90 ninety day minimum.[1] The question of whether the per diem would be considered "substantially gainful" for the purposes of A.C.A. § 24-4-101(17)(B)(ix) may depend on the number of hours worked in connection with their actual rate of pay as set by the respective county ordinances pursuant to A.C.A. § 14-14-1205. In any event, the APERS Board has the power to determine coverage under APERS and it is my understanding that the APERS Board does not interpret these provisions as authorizing membership in APERS for Justices of the Peace.
If there is any dispute as to whether a Justice of the Peace is considered a county employee, the APERS Board is statutorily empowered to decide whether or not someone is considered a county employee. A.C.A. § 24-4-101(14)(B).
Question Two: And, would this determination be effected [sic] if theJustice of Peace in question was a full-time employee of anothercounty?
In my opinion, "no." The county that employs the Justice of the Peace full-time, presumably in some separate capacity, must comply with the requirements of APERS with respect to that employment. This does not affect the analysis provided in response to Question One, however, addressing the entitlement of a Justice of the Peace to participate in APERS on the basis of the per diem paid to the Justice of the Peace.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE
Attorney General
MB:JMD/cyh
[1] The Arkansas Code also statutorily mandates that "all elected and appointed state and county constitutional officials shall be or become members of [APERS]." A.C.A. § 24-2-301(e)(1) (Supp. 2005). The office of Justice of the Peace, a member of the county Quorum Court, is constitutionally mandated. See Ark. Const., amend. 55, § 2(a) (requiring a minimum of 9 and a maximum of 15 justices of the peace on each Quorum Court). In the county government code, however, Justices of the Peace are listed separately as "District" officers in A.C.A. §14-14-1301(b)(1) (Supp. 2005) while "County Officers" are listed in A.C.A. § 14-14-1301(a). I have previously described the office of Justice of the Peace as a "District or Township Office." See Op. Att'y Gen. 2003-059 at 2-4; see also Op. Att'y Gen. 99-009. This provision is, therefore, inapplicable.